ALC/dat/511934                                                    240-324-29

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No.: |
| EUROMARKET DESIGNS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES HARTFORD FIRE INSURANCE COMPANY ("Hartford"), as Plaintiff, by and through its attorneys, Tressler, LLP and for its Complaint for Declaratory Judgment against EUROMARKET DESIGNS, INC. (referred to herein as "Crate & Barrel"), states as follows:

### STATEMENT OF THE CASE

1.      This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, to determine an actual controversy between the parties, concerning the rights and obligations arising under a contract of insurance issued by Hartford to Crate & Barrel in Illinois.

2.      This action seeks a declaration that Hartford owes no coverage obligations under a policy of insurance with respect to the Crate & Barrel's liability in four pending lawsuits concerning civil penalties under California Civil Code section 1747.08, also known as the Song-Beverly Credit Card Act of 1971 ("Song-Beverly Act").  The four lawsuits are: (1) Jason Salmonson v. Euromarket Designs, Inc. d/b/a Crate & Barrel and Does 1 to 100, filed under Case

Number BC 455001 in the Superior Court of California, County of Los Angeles, California ("Salmonson suit")(a copy of the Complaint in the Salmonson suit is attached hereto as Exhibit A); (2) Carlos Campbell v. Euromarket Designs, Inc. and Does 1 through 50, filed under Case Number 1CGC-11-508421 in the Superior Court of California, County of San Francisco, California ("Campbell suit")(a copy of the Complaint in the Campbell suit is attached hereto as Exhibit B); (3) Nancy Dardarian v. Euromarket Designs, Inc. d/b/a Crate & Barrel, filed under case number C11-00945 in the Northern District of California ("Dardarian suit")(a copy of the Complaint in the Dardarian suit is attached hereto as Exhibit C); and (4) Tiffany Heon v. Euromarket Designs, Inc. d/b/a Crate & Barrel and Does 1 through 50, filed under Case Number 37-2011-00087234-CU-NP-CTL in the Superior Court of California, County of San Diego, California ("Heon suit")(a copy of the Complaint in the Heon suit is attached hereto as Exhibit D).

**PARTIES**

3.    Hartford is an insurance company formed under the laws of the State of Connecticut and is principally located in Connecticut.

4.    Defendant Crate & Barrel is an Illinois Corporation and has its principal place of business in Illinois.

**JURISDICTION AND VENUE**

5.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00 exclusive of costs and interest, and the parties are citizens of different states.

6.    Venue is proper in this District pursuant to 28 U.S.C. 1391 as this case involves a claim for coverage under a liability insurance policy issued to Crate & Barrel within this District.

**FACTUAL BACKGROUND**

7.      Hartford issued a commercial general liability policy to Crate & Barrel bearing

policy No. 83 UEN RZ914, with an effective policy period from August 1, 2010 to August 1, 2011

("the Harford policy").  A copy of this policy is attached hereto as Exhibit E.

8.      Subject to all of its terms, the Hartford policy contains liability coverage for

claims for "Bodily Injury," "Property Damage," and "Personal and Advertising Injury," which

provides, in part:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

SECTION I – COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.      **Insuring Agreement**

   a.      We will pay those sums that the insured becomes
            legally obligated to pay as damages because of
            "bodily injury" or "property damage" to which this
            insurance applies.  We will have the right and duty
            to defend the insured against any "suit" seeking
            those damages.  However, we will have no duty to
            defend the insured against any "suit" seeking
            damages for "bodily injury" or "property damage"
            to which this insurance does not apply.

                    *       *       *

COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

1.      **Insuring Agreement**

   a.      We will pay those sums that the insured becomes
            legally obligated to pay as damages because of
            "personal and advertising injury" to which this
            insurance applies.  We will have the right and duty
            to defend the insured against any "suit" seeking
            those damages.  However, we will have no duty to
            defend the insured against any "suit" seeking

3

damages for "personal and advertising injury" to which this insurance does not apply.

\*     \*     \*

2.     **Exclusions**

This insurance does not apply to:

a.     **Knowing Violation Of Rights Of Another**

"Personal and advertising injury" arising out of an offense committed by, at the direction or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury."

\*     \*     \*

q.     **Right Of Privacy Created By Statute**

"Personal and advertising injury" arising out of the violation of a person's right of privacy created by any state or federal act.

However, this exclusion does not apply to liability for damages that the insured would have in the absence of such state or federal act.

\*     \*     \*

**SECTION V – DEFINITIONS**

1.     "Advertisement" means the widespread public dissemination of information or images that has the purpose of inducing the sale of goods, products or services through:

a.     (1)     Radio;

       (2)     Television;

       (3)     Billboard;

       (4)     Magazine;

       (5)     Newspaper; or

4

     **b.**     Any other publication that is given widespread public distribution.

However, "advertisement" does not include:

     **a.**     The design, printed material, information or images contained in, on or upon the packaging or labeling of any goods or products; or

     **b.**     An interactive conversation between or among persons through a computer network.

**2.**     "Advertising idea" means any idea for an "advertisement."

*     *     *

**5.**     "Bodily injury" means physical:

     **a.**     Injury

     **b.**     Sickness; or

     **c.**     Disease

sustained by a person and, if arising out of the above, mental anguish or death at any time.

*     *     *

**16.**     "Occurrence" means an accident, including continuous or repeated exposure to the same general harmful conditions.

**17.**     "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

     **a.**     False arrest, detention or imprisonment;

     **b.**     Malicious prosecution;

     **c.**     The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d.  Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e.  Oral, written or electronic publication of material that violates a person's right of privacy;

f.  Copying, in your "advertisement", a person's or organization's "advertising idea" or style of "advertisement";

g.  Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement"; or

h.  Discrimination or humiliation that results in injury to the feelings or reputation of a natural person.

\*   \*   \*

20. "Property damage" means:

a.  Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.  Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

As used in this definition, computerized or electronically stored data, programs or software are not tangible property. Electronic data means information, facts or programs:

a.  Stored as or on;

b.  Created or used on; or

c.  Transmitted to or from;

computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices

6

or any other media which are used with electronically controlled equipment.

21. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

\* \* \*

(See, Exhibit E, Form HG 00 01 06 05).

9. The Hartford policy contains the following Endorsement:

**EXCLUSION – VIOLATION OF STATUTES THAT GOVERN E-MAILS, FAX, PHONE CALLS OR OTHER METHODS OF SENDING MATERIAL OR INFORMATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following exclusion is added to Paragraph **2.**, Exclusions of Section I – Coverage A – Bodily Injury And Property damage Liability:

2. Exclusion

This insurance does not apply to:

**DISTRIBUTION OF MATERIAL IN VIOLATION OF STATUTES**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

7

a. The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or

b. The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

c. Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

\*     \*     \*

B. The following exclusion is added to Paragraph **2.**, **Exclusions** of **Section I –Coverage B – Personal And Advertising Injury Liability**:

2. **Exclusions**

This insurance does not apply to:

**DISTRIBUTION OF MATERIAL IN VIOLATION OF STATUTES**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate: ...

a. The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or

b. The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

c. Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

\*     \*     \*

(See, Exhibit E, Form CG 00 67 03 05).

10.     On February 14, 2011, Salmonson filed a class action suit seeking civil penalties for violations of the Song-Beverly Act. Allegedly, Crate & Barrel violated the Song-Beverly Act by intentionally requesting and then recording customers' zip code information during credit card transactions. The Salmonson complaint seeks class certification, civil penalties of up to $1,000 per violation under the Song-Beverly Act, attorneys' fees and costs. (See, Ex. A).

11.     On February 18, 2011, Campbell filed a class action suit also seeking civil penalties for violations of the Song-Beverly Act alleging that Crate & Barrel intentionally requested and recorded customers' zip code information during credit card transactions. The Campbell complaint seeks class certification, civil penalties under the Song-Beverly Act, attorneys' fees, costs, and interest. (See, Ex. B).

12.     On March 1, 2011, Dardarian filed a class action lawsuit seeking civil penalties for violations of the Song-Beverly Act. Specifically, the Dardarian complaint alleges that Crate & Barrel intentionally requested and recorded customers' zip code information during credit card transactions. The Dardarian complaint seeks class certification, an injunction to prohibit further violation of the Song-Beverly Act, civil penalties under the Song-Beverly Act, attorneys' fees, costs and interest. (See, Ex. C).

13.     On March 9, 2011, Heon filed a class action complaint alleging that Crate & Barrel violated the Song-Beverly Act by requesting and then recording customers' zip code information. The Heon complaint seeks class certification, civil penalties under the Song-Beverly Act, attorneys' fees, costs and interest. (See, Ex. D).

14.     Crate & Barrel tendered its defense and indemnity in the Campbell, Salmonson, Heon, and Dardarian suits to Hartford.

15.     Hartford denies that it owes Crate & Barrel any defense or indemnity obligation for the <u>Campbell</u>, <u>Salmonson</u>, <u>Heon</u>, and <u>Dardarian</u> suits.

16.     An actual controversy exists between the parties with respect to their respective duties and obligations under the subject policy.  This Court has the power to make binding declarations of the rights and duties of the parties herein, and to adjudicate the dispute between the parties herein.

### COUNT I
### No "Bodily Injury" or "Property Damage"

17.     Plaintiff incorporates and restates the allegations of paragraphs 1 through 16 above as if fully set forth herein.

18.     Subject to all of its terms, Section I(A) of the Hartford policy provides coverage for claims for "damages" because of "bodily injury" or "property damage" caused by an "occurrence."

19.     The <u>Campbell</u>, <u>Salmonson</u>, <u>Heon</u>, and <u>Dardarian</u> complaints do not concern a claim for "damages" because of "bodily injury" or "property damage" caused by an "occurrence."

20.     Accordingly, Hartford does not owe any defense or indemnity obligations to Crate & Barrel under the "bodily injury," or "property damage" liability coverage of the Hartford policy for the <u>Campbell</u>, <u>Salmonson</u>, <u>Heon</u>, and <u>Dardarian</u> suits.

WHEREFORE, Plaintiff, Hartford Fire Insurance Company prays that this Court enter the following relief:

> A.   Finding that Hartford Fire Insurance Company owes no duty to defend or indemnify Crate & Barrel in the <u>Campbell</u>, <u>Salmonson</u>, <u>Heon</u>, and <u>Dardarian</u> suits; and
>
> B.   For all such just and equitable relief, including costs of this suit.

## COUNT II
### No "Personal and Advertising" Injury

21.   Plaintiff incorporates and restates the allegations of paragraphs 1 through 16 above as if fully set forth herein.

22.   Subject to all of its terms, Section I(B) of the Hartford policy provides coverage for claims for "damages" because of "personal and advertising injury."

23.   The <u>Campbell</u>, <u>Salmonson</u>, <u>Heon</u>, and <u>Dardarian</u> complaints do not concern a claim for "damages" because of "personal and advertising injury" as defined in the policy.

24.   Accordingly, Hartford owes no defense or indemnity to Crate & Barrel under the "personal and advertising injury" coverage of the policy for the <u>Campbell</u>, <u>Salmonson</u>, <u>Heon</u>, and <u>Dardarian</u> suits.

WHEREFORE, Plaintiff, Hartford Fire Insurance Company prays that this Court enter the following relief:

> A.   Finding that Hartford Fire Insurance Company owes no duty to defend or indemnify Crate & Barrel in the <u>Campbell</u>, <u>Salmonson</u>, <u>Heon</u>, and <u>Dardarian</u> suits; and
>
> B.   For all such just and equitable relief, including costs of this suit.

## COUNT III
### No Covered "Damages"

25.     Plaintiff incorporates and restates the allegations of paragraphs 1 through 16 above as if fully set forth herein.

26.     Subject to all of its terms, the Hartford policy only requires that the insurer pay "damages" which the insured becomes legally obligated to pay.

27.     The Campbell, Salmonson, Heon, and Dardarian complaints seek civil penalties under § 1747.08(e), and accordingly, the lawsuits do not seek covered "damages" under the Hartford policy.  Further, based on public policy, Hartford owes no duty to provide coverage for the civil penalties claimed in those suits.

28.     Accordingly, Hartford has no duty to defend or indemnify Crate & Barrel in the underlying Campbell, Salmonson, Heon, and Dardarian suits.

WHEREFORE, Plaintiff, Hartford Fire Insurance Company prays that this Court enter the following relief:

A.      Finding that Hartford Fire Insurance Company owes no duty to defend or indemnify Crate & Barrel in the Campbell, Salmonson, Heon, and Dardarian suits; and

B.      For all such just and equitable relief, including costs of this suit.

## COUNT IV
### Right of Privacy Created by Statute Exclusion Applies

29.     Plaintiff incorporates and restates the allegations of paragraphs 1 through 16 above as if fully set forth herein.

12

30.    The Hartford policy excludes coverage for "personal and advertising injury" that arises out of a person's right of privacy created by statute.

31.    To the extent that any "personal and advertising injury" is alleged in the Campbell, Salmonson, Heon, and Dardarian complaints, the complaints are barred from coverage by the Right of Privacy Created by Statute Exclusion in the Hartford policy.

32.    Accordingly, Hartford has no duty to defend or indemnify Crate & Barrel in the underlying Campbell, Salmonson, Heon, and Dardarian suits.

WHEREFORE, Plaintiff, Hartford Fire Insurance Company prays that this Court enter the following relief:

A.    Finding that Hartford Fire Insurance Company owes no duty to defend or indemnify Crate & Barrel in the Campbell, Salmonson, Heon, and Dardarian suits; and

B.    For all such just and equitable relief, including costs of this suit.

**COUNT V**
**Violation of Statutes Exclusion Applies**

33.    Plaintiff incorporates and restates the allegations of paragraphs 1 through 16 above as if fully set forth herein.

34.    The Hartford policy excludes coverage for "personal and advertising injury" arising out of any action that is alleged to violate any statute "that prohibits or limits the sending, transmitting, communicating or distribution of material or information."

35.    To the extent that the Campbell, Salmonson, Heon, and Dardarian complaints allege claims for "personal and advertising injury," the complaints claim relief based on violations of the Song-Beverly Act, a statute that prohibits and/or limits the recording,

13

transmission, communication and/or distribution of personal information. Accordingly, the complaints fall within the Violation of Statutes Exclusion.

36. Therefore, Hartford has no duty to defend or indemnify Crate & Barrel in the underlying Campbell, Salmonson, Heon, and Dardarian suits.

WHEREFORE, Plaintiff, Hartford Fire Insurance Company prays that this Court enter the following relief:

A. Finding that Hartford Fire Insurance Company owes no duty to defend or indemnify Crate & Barrel in the Campbell, Salmonson, Heon, and Dardarian suits; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT VI
### The Knowing Violation of Right of Another Exclusion Applies

37. Plaintiff incorporates and restates the allegations of paragraphs 1 through 16 above as if fully set forth herein.

38. The Knowing Violation of Rights of Another Exclusion in the Hartford policy precludes coverage for "personal and advertising injury" that arises out of "an offense committed by, at the direction or with the consent or acquiescence of the insured with the expectation of inflicting 'personal and advertising injury.'"

39. Any injury or damage for "personal and advertising injury" that is alleged in the Campbell, Salmonson, Heon, and Dardarian complaints is barred from coverage by the Knowing Violation of Right Exclusion under the Hartford policy.

40. Accordingly, Hartford has no duty to defend or indemnify Crate & Barrel in the underlying Campbell, Salmonson, Heon, and Dardarian suits.

14

WHEREFORE, Plaintiff, Hartford Fire Insurance Company prays that this Court enter the following relief:

A.   Finding that Hartford Fire Insurance Company owes no duty to defend or indemnify Crate & Barrel in the Campbell, Salmonson, Heon, and Dardarian suits; and

B.   For all such just and equitable relief, including costs of this suit.

Respectfully submitted,

HARTFORD FIRE INSURANCE COMPANY

By: _____ s/ Ashley L. Christensen _____
One of Its Attorneys

Michael J. Duffy
Ashley L. Christensen
TRESSLER LLP
Willis Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6308
(312) 627-4000